```
              IN THE UNITED STATES DISTRICT COURT
                           FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

ELVIN LEBRON,                      :
                                   :
        Petitioner         :
                                   :
   v.                              :   CIVIL NO. 3:CV-15-1544
                                   :
DAVID J. EBBERT,                   :   (Judge Conaboy)
                                   :
        Respondent         :
_____

## MEMORANDUM
### Background

Elvin Lebron, an inmate presently confined at the United States Penitentiary, Leiwsburg, Pennsylvania (USP-Lewisburg), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden David Ebbert. Service of the petition was previously ordered.[1]

Lebron claims entitlement to federal habeas corpus relief on the grounds that his due process rights were violated during multiple institutional disciplinary proceedings.

Respondent's initial response to the Petition asserted that Petitioner failed to exhaust his administrative remedies and was provided with all required due process requirements during his institutional disciplinary proceedings. See Doc. 9, p. 2.

---

[1] By Order dated February 4, 2016, Petitioner's motion seeking preliminary injunctive relief was denied.

1

On April 18, 2016, the Respondent filed a "Suggestion of Mootness."  See Doc. 20.  The notice states that Lebron was released from BOP custody on April 11, 2016.  In light of Petitioner's release, the Respondent seeks dismissal of this action on the basis of mootness.

## Discussion

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

The United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. Wolff noted that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556.

Nonetheless, the Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. Id. at 563-71.

A subsequent Supreme Court decision, Sandin v. Conner, 515 U.S. 472, 480-84 (1995), reiterated that the due process safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits. See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit). Since it is undisputed that Lebron was sanctioned to losses of good time credits which adversely affected the duration of his ongoing federal confinement, his challenges to those related disciplinary proceedings was appropriate for federal habeas corpus review at the time this matter was filed.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis,

3

494 U.S. at 477.

The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to create a case or controversy capable of redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also United States v. Kissinger, 309 F.3d 179, 181-82 (3d Cir. 2002) (a petitioner unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation); Lane v. Williams, 455 U.S. 624, 632-34 (1982).

Similarly, "[g]ood time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." Scott v. Schuylkill, FCI, 298 Fed. Appx. 202, 204 (3d Cir. 2008). Thus, once a prisoner is granted release, his § 2241 petition challenging a prison disciplinary hearing which resulted in a loss of good time credit is subject to dismissal on the basis of mootness. See id.

Petitioner has not shown that he is suffering any

4

collateral consequences as required under Spencer and Kissinger stemming from his challenged disciplinary proceedings.  As noted in Scott, the type of habeas claim asserted herein is mooted once a federal inmate is released from imprisonment.  Moreover, as relief Petitioner seeks his release.  Since he has been afforded that relief, a finding of mootness is likewise appropriate.

In conclusion, Lebron's release from federal custody has caused his instant habeas corpus petition to become moot since it no longer presents an existing case or controversy.  Accordingly, the petition will be dismissed.  An appropriate Order will enter.

                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge

DATED: APRIL 25, 2016